# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**FILED**

August 23, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PAMELA L. CALLISON,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0840** (BOR Appeal No. 2050184)
(Claim No. 2014002801)

**GREENBRIER HOTEL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pamela L. Callison, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated July 29, 2015, in which the Board affirmed a January 5, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 27, 2014, decision which denied the addition of cervical strain to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Callison, a waitress, was injured in the course of her employment on July 24, 2013, while pushing a heavy table. The employee's and physician's report of injury indicates she injured her right shoulder, upper arm, and right upper chest. The diagnosis was listed as bicep tendon sprain. Ms. Callison was treated with physical therapy from West Virginia Physical Therapy. On August 22, 2013, it was noted that she had pain in her right shoulder and arm as well as warmth and tingling down her right forearm. There was no numbness at that time. On November 25, 2013, it was noted that Ms. Callison's right forearm tingling appeared to be originating from her cervical spine. She was referred to Daniel Day, D.O., for evaluation of the

1

cervical spine. Dr. Day noted that she reported numbness down her right arm to her forearm, which started at the time of the accident and progressively worsened. She was diagnosed with neck sprain; cervicalgia; and neuralgia, neuritis, and radiculitis. In a January 23, 2014, physician review, Randall Short, D.O., recommended that cervical strain with radiculopathy not be added to the claim. He found no evidence of cervical complaints early in the record as one would expect if an injury occurred. He also found no evidence of radiculopathy.

On February 4, 2014, Ms. Callison testified in a deposition that her job requires her to carry heavy trays in awkward positions. She stated that on the day of her injury, she was moving a heavy table. When she twisted the table, she felt something pull in her upper arm followed by pain in her right upper arm, bicep, and the right side of her chest. She admitted that when she first sought treatment, her cervical spine and neck were not examined. She stated that she developed tingling in her forearm but had no neck pain. It was recommended that a nerve conduction study be done on her neck. She was asked if treatment was offered or if her forearm symptoms were found to be the result of her shoulder condition. She testified that "[i]t ended up being a shoulder problem." She also admitted that a nerve conduction test showed no cervical abnormalities.

The claims administrator denied the addition of cervical strain to the claim on February 27, 2014. On January 5, 2015, the Office of Judges affirmed the decision. It determined that Ms. Callison's report of injury mentions no neck injury. This was corroborated by her own testimony in which she admitted that she had no neck symptoms immediately following the initial injury. The Office of Judges found that cervical spine symptoms did not arise until four months after the compensable injury when a physical therapy note opined on November 25, 2013, that the tingling in her forearm appeared to be related to the cervical spine. However, the Office of Judges determined that nerve testing showed no problems with her cervical spine. This finding was confirmed by Dr. Short who opined that the record does not show a causal relationship between Ms. Callison's complaints and the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 29, 2015.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Ms. Callison sustained an injury to her right shoulder, arm, and chest in the course of her employment. She was treated for four months for the shoulder injury before it was suggested that she had also injured her cervical spine in the accident due to symptoms of tingling and numbness in the right forearm. However, a nerve conduction test showed that there were no abnormalities in the cervical spine.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 23, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II